RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/29/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GABRIEL MICHAEL EDWARDS #26283-018 | DOCKET NO. 1:13-CV-2416; SEC. P |
| VERSUS | JUDGE DRELL |
| DARRELL TURNER, ET AL. | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Before the Court is the pro se lawsuit initiated by Gabriel Michael Edwards on August 2, 2013, pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)[1]. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary at Pollock, Louisiana. He names several officers as defendants, and he complains of retaliation, denial of medical care, excessive force, due process violations, and the denial of equal protection.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Facts Alleged*

Plaintiff alleges that on September 6, 2013, he was released from the SHU without his ID, which is required to eat in the food

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. §1983.

hall. Plaintiff informed Lt. Justenson that he did not have his ID yet, and Justenson gave Plaintiff permission to eat without the ID. When Plaintiff proceeded to the ID scanner, a new officer, Mr. Turner, who was not in the regular officer uniform, "took an aggressive stance" and told Plaintiff that he could not eat without the ID. [Doc. #7] Plaintiff explained to Turner that Justenson had given him authorization to eat. After a heated exchange between Plaintiff and Turner, Justenson was contacted via radio and confirmed Plaintiff's allegation. [Doc. #7] Additional obscenities were exchanged between Plaintiff and Officer Turner.

A few days later, on September 13, 2012, Plaintiff entered the food hall and passed through the metal detector where Officer Turner was stationed. As Plaintiff sat and ate his dinner, Turner approached and told Plaintiff to stand up to go "to the tank." [Doc. #7] Because Plaintiff felt threatened by Turner's aggressive behavior, he requested to speak with Lt. Justenson, as per prison policy. Plaintiff alleges that Turner then panicked because he did not want Plaintiff to contact a superior officer. He grabbed Plaintiff from behind, which startled Plaintiff and caused him to automatically jerk away. [Doc. #7] Turner became more aggressive and shoved Plaintiff against a wall. He then placed Edwards face down on the floor, slamming Plaintiff's hand against the concrete so hard that it caused Plaintiff's hand to break. [Doc. #7]

As a result of the incident, Plaintiff was initially convicted

of attempted assault on a staff member, and he suffered the loss of good time, among other punishments. However, after seeking review, the matter was remanded to the disciplinary officer for a rehearing. On second hearing, Plaintiff was found guilty of interfering with staff, and his good time was restored.

Plaintiff alleges that he suffered a broken hand as a result of the altercation with Turner. After the incident, Plaintiff was escorted to the SHU where he made a verbal request for medical care for his hand. The next day, he submitted a written request for medical treatment. He also showed his hand to Lt. Jones and Lt. Lawson. On September 15, Plaintiff showed his hand to Counselor Watson and asked for medical care again. [Doc. #7, p.4] On September 16, 2013, Plaintiff spoke to Mrs. Rhodes about additional swelling of the hand. On September 17, 2013, Plaintiff received Ibuprofen from the medical department. On September 22, 2012, Plaintiff showed Counselor Watson that his injury was not healing. Plaintiff received additional Ibuprofen. On September 24, 2013, Plaintiff submitted another request for medical care. He received an Ace bandage and more Ibuprofen from the medical department. On September 26, 2013, Edwards showed his hand to a doctor doing rounds in the SHU and an x-ray was ordered. Plaintiff's hand was x-rayed on October 3, 2013, confirming break. He received a splint that day, and a half cast the following day.

Plaintiff states that his "time sensitive mail" was held,

thereby interfering or thwarting his efforts to exhaust the administrative grievance process.

### *Law and Analysis*

1. **Retaliatory Disciplinary Conviction**

Plaintiff alleges that Turner and Donny Cartrette conspired or chose to retaliate against Plaintiff. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Bibbs v. Early, 541 F.3d 267, 270 (5th Cir. 2008) (citation omitted). The inmate must allege that, but for the retaliatory motive, the complained of incident would not have occurred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Petitioner must "produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Id. Mere speculation of malicious intent is insufficient to support a claim of retaliation. Al-Ra'id v. Ingle, 69 F.3d 28 (5th Cir. 1995).

Plaintiff has not alleged the first requirement: a specific constitutional right. Moreover, he has not alleged any involvement by Donny Cartrette with regard to the incident on September 13th. He has only made a conclusory allegation that Cartrette was involved with the incident between Plaintiff and Turner. Plaintiff

fails to state a claim for relief against Cartrette for retaliation.[2]

## 2. Due Process - Disciplinary Hearing

Plaintiff complains that he was deprived of procedural due process in his disciplinary re-hearing because he was not provided counsel nor was he allowed to present witnesses. Petitioner did not lose any good time as a result of the re-hearing, and the previously forfeited good time was restored. Thus, Plaintiff's due process claim does not raise a constitutional question. The Supreme Court has stated that the Due Process Clause does not protect every change in the conditions of confinement. See Sandin v. Conner, 515 U.S. 472, 478 (1995) (citing Meachum v. Fano, 427 U.S. 215 (1976)). A prisoner has no inherent constitutional right to any particular classification or custody level. See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir.1992). Further, punishment for a disciplinary offense such as the deprivation of telephone privileges and cell restriction for a limited period of time are "merely changes in the conditions of his confinement, and do not implicate due process concerns." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

Even if Plaintiff was entitled to due process, a prison disciplinary hearing is not part of criminal prosecution and, therefore, the "full panoply of rights due a defendant in such

---

[2]It does not appear that Plaintiff can state a claim for relief against Turner for retaliation; however, since the excessive force claim will be served against Turner, Plaintiff may proceed with the retaliation claim against Turner at this time.

5

proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The United States Supreme Court has held that inmates do not have a right to counsel in disciplinary hearings. See Baxter v. Palmigiano, 425 U.S. 308, 315 (1976). Additionally, the right to call witnesses at a prison disciplinary hearing is not absolute. Prison officials may deny a request when the projected testimony is irrelevant, is unnecessary, or creates a hazard to institutional safety or correctional goals. In Ponte v. Real, 471 U.S. 491, 499 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] ... will rarely, if ever, be successful."

Plaintiff's claim regarding due process at the disciplinary re-hearing should be dismissed.

3. **Interference with Grievance Process**

Plaintiff complains that various officers interfered with his attempts to properly and timely exhaust the administrative grievance process. In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court narrowed the due process protections afforded to prisoners. Prisoners have no federally-protected right to have grievances investigated and resolved. Such rights, if any, are provided by state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate the constitution and is thus not actionable under Section

1983. See <u>Taylor v. Cockrell</u>, 92 Fed. Appx. 77 (5th Cir. 2004)(not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); <u>see also</u> <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 138 (Burger, C.J., concurring)(applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994)("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted)(holding that a prison grievance procedure is not a substantial right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)("There is no legitimate claim of entitlement to a grievance procedure."). Because Plaintiff does not have a substantive right to the grievance process, the interference with that process by the defendants does not state a constitutional claim.

4. Medical Care

Plaintiff complains that he did not received timely medical care after his hand was broken. He alleges that he told every staff member available of his need for medical care, and showed them his hand. Specifically, Plaintiff requested care from Lt. Jones, Lt. Lawson, Counselor Watson, and Mrs. Rhodes, as well as other individuals whose names are not known. Plaintiff alleges that his injury was obvious and visible, and the need for medical treatment was apparent.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A **except** **(1) Plaintiff's excessive force and retaliation claims against Darrell Turner and (2) the medical care claim against Lt. Jones, Lt. Lawson, Counselor Watson, and Mrs. Rhodes.**

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the**

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of January, 2014.

```
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```