RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/27/15

UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GABRIEL MICHAEL EDWARDS | CIVIL ACTION NO. 13-2416 |
| VERSUS | JUDGE TRIMBLE |
| DARRELL TURNER, ET AL. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the court is the Report and Recommendation of the Magistrate Judge, previously issued in the above-captioned civil rights case.[1] The court has reviewed the entire record in this case, including the objections filed by both Plaintiff and Defendants and finds that the Report and Recommendation of the Magistrate Judge will be adopted in part and declined in part as explained below.

The court agrees with the proposed findings of the Magistrate Judge regarding Plaintiff's claims for both excessive force and retaliatory excessive force against Defendant Turner and, accordingly, the Report and Recommendation is **ADOPTED** as to these claims and they are, therefore, **DENIED** and **DISMISSED** with prejudice.

The court finds, however, that the record supports a grant of summary judgment in favor of the remaining defendants as well. Plaintiff has not demonstrated that the injury at issue in this case, a non-displaced fracture to the hand, is the sort of injury which should have prompted emergency medical protocols at USP Pollock, rather than standard procedures, initiated by sick call requests and primary nurse assessments. Moreover, Plaintiff does not

---

[1] R. 62.

show that any of his written requests to be seen by medical personnel while he was housed in the SHU were unanswered. Finally, we would agree with the argument of defendants that, given the intervening treatment in this case, the delay between the injury on September 13th and diagnosis of fracture on October 4th is not unreasonable. As is well established in our circuit, a prisoner's dissatisfaction with the care choices made by prison medical personnel does not, on its own, present a constitutional violation.[2] The record establishes that Plaintiff was seen by medical personnel on September 13, 17 and 24. An x-ray was requested on September 24th, which led to the diagnosis of Plaintiff's fracture. At the very most, Plaintiff's allegations make out a claim for a negligent failure to diagnose a potential fracture which, it is established law, is insufficient to rise to the level of deliberate indifference and, thus, an Eighth Amendment violation.[3]

Accordingly, we decline to adopt the remainder of the Report and Recommendation of the Magistrate Judge and, therefore, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that all claims by Plaintiff against Defendants Jones, Rhodes, Lawson and Watson for deliberate indifference to serious medical need are **DENIED** and **DISMISSED** with prejudice.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 27th day of January, 2015.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Sama v. Hannigan, 669 F.3d 585, 590 (2012) citing Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(internal citation omitted).
[3] Thomas v. Carter, 2014 U.S. App. LEXIS 23085 (12/08/2014) citing Gobert at 349 ("mere negligence insufficient to sustain a deliberate indifference claim").